USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:May 25, 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANDRE ANTROBUS,                                          :
                                                         :
                        Plaintiff,                       :
                                                         :        11 Civ. 5128 (JMF)
            -v-                                          :
                                                         :        OPINION AND ORDER
WARDEN OF GRVC AND THE CITY OF NEW                       :
YORK,                                                    :
                                                         :
                        Defendants.                      :
-------------------------------------------------------------------X


JESSE M. FURMAN, District Judge:

        Andre Antrobus, an inmate at the George R. Vierno Center ("GRVC") on Rikers Island,

brings this action *pro se* against the Warden of  GRVC and the City of New York, pursuant to

Title 42, United States Code, Section 1983, alleging that various prison conditions caused him

physical illness and emotional and mental trauma.  Pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure, the defendants move to dismiss the complaint on various grounds,

including failure to exhaust administrative remedies as required by the Prison Litigation Reform

Act ("PLRA"), 42 U.S.C. § 1997e.  Because Antrobus did fail to exhaust the administrative

remedies that were available to him, the Court grants the motion to dismiss on that basis and

need not reach the other arguments made by the defendants.

## BACKGROUND

        In his complaint, dated April 30, 2011, Antrobus alleges that overcrowding at GRVC

between February 1, 2011 and April 30, 2011, created various unsanitary conditions that caused

him physical injury, emotional distress, and mental anguish.  (Compl. ¶¶ II(D), III).  Antrobus

alleges that he filed a grievance with respect to "several inadequate conditions," including

overcrowding and lack of basic amenities.  (Compl. ¶¶ II(D), IV(E)).  He also alleges, without

further explanation, that he "notified the higher ups using code 144 and my name."  (Compl.

¶ IV(G)).  Finally, he appears to identify three corrections officers whom he allegedly informed

about his "claim."  (Compl. ¶ IV(F)(2)).  The complaint alleges, somewhat incoherently, that the

result of these grievances was "response cause of strip search settlement and Budget cuts thats

prison or being ignored."  (Compl. ¶ IV(E)(2)).  Antrobus's explanation of what steps, if any, he

took to appeal the decision is similarly incoherent: "others noticing same thing grieved and was

giving the run around . . . call corruption and the warden is better."  (Compl. ¶ IV(E)(3)).

On February 21, 2012, defendants moved to dismiss Antrobus's complaint, contending

that he failed (1) to exhaust his administrative remedies; (2) to sufficiently allege the personal

involvement of GRVC's Warden; (3) to state a claim against the City of New York because he

did not allege the existence of an unconstitutional policy, custom, or practice that gave rise to the

conditions in question; and (4) to allege facts that rise to the level of a constitutional violation.

(Mem. of Law in Support of Mot. to Dismiss at 1).  Antrobus did not file a response to

defendants' motion.  Nevertheless, the Second Circuit has held that if a "complaint is sufficient

to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6)

motion does not warrant dismissal."  *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000).

Accordingly, and mindful of the fact that Antrobus is proceeding *pro se*, *see, e.g.*, *Chavis v.

Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (reaffirming that a *pro se* complaint must be

liberally construed and interpreted "to raise the strongest arguments that [it] suggest[s]")

(internal quotation marks omitted), the Court has examined the merits of Antrobus's complaint in

light of defendants' motion.

**DISCUSSION**

The PLRA requires a prisoner to exhaust all available administrative remedies before filing a lawsuit with respect to prison conditions. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). "Exhaustion is 'mandatory' and 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.'" *Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Further, "Section 1997e(a) requires proper exhaustion, which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* at 305 (emphasis in original) (internal quotation marks and citation omitted). Merely alerting "prison officials as to the nature of the wrong for which redress is sought does not constitute proper exhaustion." *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) (internal quotation marks and citation omitted); *see also Johnson v. Killian*, — F.3d —, No. 10-4651-pr, 2012 WL 1701314 , at *4 (2d Cir. May 16, 2012) (per curiam) (declining to hold that "generalized complaints regarding the conditions of confinement will suffice to shortcut the administrative remedy process," explaining that such a holding would "eviscerate the PLRA's exhaustion requirement"). Moreover, if an inmate can appeal an adverse ruling, he must do so to exhaust the available procedures. *See, e.g.*, *Woodford v. Ngo,* 548 U.S. 81, 90 (2006).

Failure to exhaust is an affirmative defense. *See Johnson v. Rowley,* 569 F.3d 40, 45 (2d Cir. 2009). As with other affirmative defenses, therefore, dismissal may be granted at the pleading stage for failure to exhaust if the defense "appears on the face of the complaint." *Pani*

*v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998); *see also, e.g.*, *Rivera v. Anna M. Cross Ctr.*, No. 10 Civ. 8696 (RJH), 2012 WL 383941, at *2 (S.D.N.Y. Feb. 7, 2012) ("If nonexhaustion is clear, a motion to dismiss should be granted.").  There are three steps in the inquiry a court must follow to determine whether to grant a motion to dismiss for failure to exhaust administrative remedies.  *See Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004).  First, a court must ask "whether administrative remedies were in fact 'available' to the prisoner." *Id.*  Second, the court must determine whether defendants waived the defense by failing to raise or preserve it, or whether they should otherwise be estopped from asserting the defense because they prevented or inhibited the plaintiff from exhausting his remedies.  *See id.*  Finally, if necessary, the court "should consider whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements."  *Id.* (internal quotation marks omitted).

Applying these principles here, Antrobus's complaint must be dismissed.  The New York City Department of Correction's Inmate Grievance Resolution Program ("IGRP"), which was available to Antrobus as an inmate at Rikers Island, has five steps.  *See* Department of Corrections Directive No. 3375R-A (2008) ("DOC Directive"); *see also, e.g.*, *Rivera*, 2012 WL 383941, at *5.  After an inmate has submitted his grievance form, the Inmate Grievance Resolution Committee ("IGRC") is given an opportunity to resolve the issue informally.  *See* DOC Directive § IV(B)(1).  If it does not respond within five days or fails to resolve the issue to the inmate's satisfaction, the inmate may then request a formal hearing before the IGRC.  *See id.* If the inmate is still unsatisfied with the IGRC's decision, he may appeal it, first to the commanding officer of the facility, then to the Central Office Review Committee, and finally to the New York City Board of Correction.  *See id.* § IV(B)(2), (3), (4).  Crucially, "[a]n inmate's

4

administrative remedies are not exhausted until he proceeds through *all five levels* of the IGRP."
*Rivera*, 2012 WL 383941, at *3 (internal quotation marks omitted) (emphasis added); *accord*
*Prince v. Latunji*, 746 F. Supp. 2d 491, 495 (S.D.N.Y. 2010).

      Antrobus arguably satisfied the first step of this process by filing a grievance, but he did
no more.  In particular, he does not allege that he requested a hearing before the IGRC.  Nor does
he allege that he appealed the IGRC's decision, let alone through all three levels of appellate
review.  In fact, in answer to the question of what steps, if any, he took to appeal the decision on
his grievance, Antrobus stated only that others who noticed the same problems and grieved had
been given "the run around [sic]."  (Compl. ¶ IV(E)(3)).  That statement is less a description of
the steps Antrobus took to appeal the decision than it is a concession that he did not attempt to
appeal the decision at all.  In short, on its face, the complaint makes clear that Antrobus did not
exhaust the administrative remedies available to him.  *See, e.g.*, *Rivera*, 2012 WL 383941, at *3
(dismissing for failure to exhaust because the plaintiff had merely filed a grievance and noting
that "courts in this Circuit have repeatedly held that that a prisoner in custody of the New York
City Department of Correction[] who . . . [fails to] request[] a hearing has not exhausted his
administrative remedies for purposes of the PLRA") (citing cases).

      In this case, the second and third steps of the exhaustion inquiry provide no basis to avoid
dismissal.  *See Hemphill*, 380 F.3d at 686.  Defendants did not waive or forfeit the defense, but
rather properly raised it in their motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules
of Civil Procedure.  (*See* Mem. of Law in Support of Mot. to Dismiss at 5).  And there is no
indication — or suggestion on the part of Antrobus — that the defendants did anything to inhibit
his exhaustion of remedies.  Among other things, Antrobus "has not alleged any threats,
beatings, denials of grievance forms, or . . . other misconduct deterring him from fulfilling the

requisite procedure." *Rivera*, 2012 WL 383941, at *6 (quoting *Kasiem v. Switz*, 756 F. Supp. 2d 570, 577 (S.D.N.Y. 2010)) (internal quotation marks omitted).   Finally, no special circumstances have been alleged, plausible or otherwise, that would justify Antrobus's failure to comply with all steps of the IGRP.

### CONCLUSION

In sum, Antrobus failed to exhaust the available administrative remedies as required by the PLRA.   Accordingly, defendants' motion to dismiss (Docket No. 9) is GRANTED on that basis, and the Court need not consider defendants' other arguments for dismissal.

This Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 25, 2012
        New York, New York

JESSE M. FURMAN
United States District Judge

A copy of this Opinion and
Order has been mailed to:

Andre Antrobus
B&C# 8951101344
AMKC
18-18 Hazen Street
East Elmhurst, NY 11370

6